**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SHARON LYNN ROSS,**

        **Plaintiff,**

**v.**                                                                        **CIVIL NO. 3:12-cv-00286-REP**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**and**

**WORLD FINANCIAL NETWORK NATIONAL BANK,**

**Serve:**       **Secretary of the Commonwealth**
                **Service of Process Department**
                **Post Office Box 2452**
                **Richmond, Virginia 23218-2452**

**and**

**NELSON, WATSON & ASSOCIATES, LLC.,**

**Serve:**       **Secretary of the Commonwealth**
                **Service of Process Department**
                **Post Office Box 2452**
                **Richmond, Virginia 23218-2452**

                **Defendants.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, **SHARON LYNN ROSS**, by counsel, (hereafter collectively

the "Plaintiff") by counsel, and for her Amended Complaint against the Defendants, alleges as

follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**JURISDICTION**

2.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367.  Venue is proper as *Experian* maintains its registered office within the boundaries for the Eastern District of Virginia, Richmond Division.

**PARTIES**

3.  The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4.  Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

5.  Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6.  Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7.   Upon information and belief, **WORLD FINANCIAL NETWORK NATIONAL BANK ("*WFNNB*")** is a foreign company with its principal place of business in Columbus, Ohio and which regularly conducts business in the State of Virginia as a credit lender and a "furnisher" as governed by the FCRA.

8.   Upon information and belief, **NELSON, WATSON & ASSOCIATES, LLC.**, is limited liability Company with its headquarters and principal place of business in Haverhill, Massachusetts.  It regularly collects debts from consumers.

## FACTS

9.  On or about August 26, 2009 and December 11, 2010 the Plaintiff entered into Settlement Agreements with *Experian* with regard to Plaintiff's prior disputes regarding certain accounts and personal identifying information in her Experian credit report that belonged to an individual who lives in Chicago, Illinois and whose information had been mixed within the Plaintiff's credit file. Attached to the Settlement Agreements, as Exhibit "A" was Plaintiff's corrected Consumer Disclosures dated October 1, 2009 and October 29, 2010, respectively, with the disputed inaccurate information removed.

10.  Part of inaccurately reported information that the Plaintiff previously disputed were accounts that belonged to the person with whom Plaintiff's credit file had been inaccurately mixed, who lives in Chicago, Illinois.

11.  Upon information and belief, at some point after October 2011, *Experian* reinserted and/or re-reported the identifying information that belongs to the person with whom Plaintiff's credit file had been inaccurately mixed.

12.  On or about December 31, 2011, Plaintiff obtained a copy of her credit report from *Experian* and learned that *Experian* was again reporting the address of the person with whom the Plaintiff's credit file had been inaccurately mixed in Naperville, Illinois

13.  In March 2012, the Plaintiff began receiving daily collection calls from collection agencies for debts that do not belong to her.  Upon informing these individuals that she does not owe these debts, and they are calling a phone number in North Carolina and not Illinois they seem shocked.

14.  On or about June 7, 2012, Plaintiff received a notification form letter from *Experian* that since she had a security freeze placed on her Experian Credit Report it was required to notify her

3

that within the last 30 days changes to her name, address or social security number had been reported to it by a creditor.  Plaintiff thereafter requested a copy of her Experian Consumer Disclosure.

15.     Plaintiff received a copy of her Experian Consumer Disclosure dated June 12, 2012 and upon review, she noticed that a Naperville, Illinois P.O. Box identifying address had been added to her consumer disclosure.  Further the address identification numbers associated with the newly added P.O. Box, Naperville, Illinois address and the previously inserted Fairway Drive, Naperville, Illinois address did not match any of the address identification numbers provided by her creditors on her report

16.     Plaintiff further noticed that **Experian** had furnished her consumer reports to **WFNNB** and **Nelson, Watson & Associates, LLC. ("Impermissible users").**

17.     The **Impermissible users** did not have a lawful purpose to obtain or use the Plaintiff's consumer reports.

18.     The Plaintiff never authorized the above entities to receive her credit reports.

19.  **Experian** had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reinsertion of the inaccurate identifying information within the Plaintiff's credit file.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681b
### (*Experian*)

20.  Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 19 above as if fully set out herein.

21.  Defendant violated the FCRA, 15 U.S.C. §1681b by providing the Plaintiff's consumer report without a permissible purpose to do so.

22.     As a result of **Experian**'s conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf

4

by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

23.     ***Experian***'s conduct, actions and inactions were willful, rendering ***Experian*** liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681.  In the alternative, ***Experian*** was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Experian*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §1681b(f)
(*WFNNB and Nelson, Watson & Associates, LLC*)**

25.     Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 24 above as if fully set out herein.

26.     Defendants, ***WFNNB*** and ***Nelson, Watson & Associates, LLC.***, each violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

27.     As a result of ***WFNNB*** and ***Nelson, Watson & Associates, LLC.***'s conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

28.     Defendants, ***WFNNB*** and ***Nelson, Watson & Associates, LLC.***'s conduct, actions and inaction were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

29.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees, individually from each of the Defendants, **WFNNB** and **Nelson, Watson & Associates, LLC.** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(a)
### (*Experian*)

30.  Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 29 above as if fully set out herein.

31. **Experian** violated the FCRA, 15 U.S.C. §1681e(a) by providing the Plaintiff's consumer reports without reasonable procedures to assure the proper use of and lawful purpose for such reports.

32.    As a result of **Experian**'s conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

33.    **Experian**'s conduct, actions and inactions were willful, rendering **Experian** liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681. In the alternative, **Experian** was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Experian** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(b)**
*(**Experian**)*

35.   The Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36.   ***Experian*** violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

37.   As a result of this conduct, action and inaction of ***Experian***, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38.   ***Experian***'s conduct, actions and inactions were willful, rendering ***Experian*** liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, ***Experian*** was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

39.   The Plaintiff is entitled to recover costs and attorney's fees from ***Experian*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)**
*(Experian)*

40.   Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

7

41.  Defendant, *Experian* violated 15 U.S.C. §1681i(a) on multiple occasions by failing to maintain reasonable procedures in which to prevent the reinsertion of inaccurate and previously deleted of information in the Plaintiff's credit file.

42.  As a result of this conduct, action and inaction of *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43.  *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Experian* was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**SHARON LYNN ROSS,**

By: _____/s/_____
Leonard A. Bennett
VSB #37523
Attorney for Plaintiff
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2012 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

_____/s/_____
Leonard A. Bennett, VSB#37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:    757-930-3660
Fax:    757-930-3662
lenbennett@clalegal.com

9