IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHARON LYNN ROSS,

    Plaintiff,

v.                                                Civil Action No.: 3:12-cv-286

EXPERIAN INFORMATION
SOLUTIONS, INC.

    Defendant.

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's First Amended Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

    1.    In response to paragraph 1 of the Complaint, Experian admits that Sharon Ross ("Plaintiff") purports to bring claims against Defendants, pursuant to the Fair Credit

Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* Experian states that these are legal conclusions, which are not subject to denial or admission

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Experian states this are legal conclusions which are not subject to admission or denial. Experian further admits that Plaintiff has alleged that venue is proper. Experian states this is a legal conclusion which is not subject to admission or denial.

## PARTIES

3. In response to the second paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person. Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion which is not subject to admission or denial.

4. In response to paragraph 4 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

5. In response to paragraph 5 of the Complaint, Experian denies that 15 U.S.C. § 1681(f) provides any definition of "consumer reporting agency". Experian further denies that 15 U.S.C. § 1681(d) provides any definition of "credit report." To the extent that Plaintiff intended to refer to 15 U.S.C. § 1681a(f), Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). To the extent that Plaintiff intended to refer to 15 U.S.C. § 1681a(d), Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that is defined in 15 U.S.C. § 1681a(d)) to third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 5 of the Complaint.

6. Experian admits the allegations contained in paragraph 6 of the Complaint.

7-8. Paragraphs 7-8 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 7-8 of the Complaint and therefore denies the same.

**FACTS**

9. In response to paragraph 9 of the Complaint, Experian admits that it entered into Settlement Agreements with Plaintiff on or about August 26, 2009 and December 11, 2010, and that attached to these agreements were Consumer Disclosures that the Plaintiff agreed were corrected. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 9 and therefore denies the same.

10. In response to paragraph 10 of the Complaint, Experian admits that Plaintiff had previously alleged that her file had been mixed. Except as specifically admitted, Experian denies the remaining allegations in paragraph 10 of the Complaint.

11. Experian denies the allegations in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian admits that on December 11, 2011, it provided Plaintiff with a copy of her Consumer Disclosure that included a Naperville, IL address. Except as specifically admitted, Experian denies the remaining allegations in paragraph 12.

13-14. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 13 and therefore denies the same.

15. In response to paragraph 15 of the Complaint, Experian admits that on June 12, 2012, it sent Plaintiff a copy of her Consumer Disclosure that included a Naperville, IL address. Except as specifically admitted, Experian denies the remaining allegations in paragraph 15.

16. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 16 and therefore denies the same.

17. Experian denies the allegations in paragraph 17 of the Complaint.

18. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 18 and therefore denies the same.

19. Experian denies the allegations in paragraph 19 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681(b)
### (Experian)

20. Experian incorporates its responses to the allegations contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Experian denies the allegations contained in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.

23. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 23 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 23 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 23 of the Complaint. Experian further denies the remaining allegations in paragraph 23 of the Complaint.

24. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 24 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681b(f)**
**(WFNNB and Nelson, Watson & Associates, LLC)**

25. Experian incorporates its responses to the allegations contained in paragraphs 1-24 of the Complaint as if fully set forth herein.

26-29. Paragraphs 26-29 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 26-29 of the Complaint and therefore denies the same.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681e(a)**
**(Experian)**

30. Experian incorporates its responses to the allegations contained in paragraphs 1-29 of the Complaint as if fully set forth herein.

31. Experian denies the allegations contained in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.

33. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 33 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 33 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 33 of the Complaint. Experian further denies the remaining allegations in paragraph 33 of the Complaint.

34. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 34 of the Complaint.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681e(b)
### (Experian)

35. Experian incorporates its responses to the allegations contained in paragraphs 1-34 of the Complaint as if fully set forth herein.

36. Experian denies the allegations contained in paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.

38. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 38 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 38 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 38 of the Complaint. Experian further denies the remaining allegations in paragraph 38 of the Complaint.

39. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 39 of the Complaint.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)
### (Experian)

40. Experian incorporates its responses to the allegations contained in paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Experian denies the allegations contained in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions, or inaction.

43. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 43 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in

paragraph 43 of the Complaint. Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 43 of the Complaint. Experian further denies the remaining allegations in paragraph 43 of the Complaint.

44. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 44 of the Complaint.

45. Experian denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph or any relief whatsoever against Experian.

46. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiff's claims fail to the extent that they are barred by the doctrine of accord and satisfaction.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the direct and proximate result of the conduct of the Plaintiff or others.

### FIFTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff's claims fail to the extent that necessary parties are not joined as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p. Plaintiff's claims may be barred by the doctrine of laches.

**EIGHT AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

**NINTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) That Experian be dismissed as a party to this action

(3) For costs of suit and attorneys' fees herein incurred; and

(4) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By:/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc*.
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard Anthony Bennett
> Consumer Litigation Associates
> 763 J. Clyde Morris Boulevard, Suite 1A
> Newport News, VA 23601
> Telephone: 757-930-3660
> Facsimile: 757-930-3662
> Email: lenbennett@clalegal.com
> *Counsel for Plaintiff*

> /s/David N. Anthony
> David N. Anthony
> Virginia State Bar No. 31696
> *Attorney for Experian Information Solutions, Inc.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone: (804) 697-5410
> Facsimile: (804) 698-5118
> Email: david.anthony@troutmansanders.com

20152058v1