IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHARON LYNN ROSS,

        Plaintiff,

v.                                  Civil Action No.: 3:12-cv-00286-REP

EXPERIAN INFORMATION SOLUTIONS, INC.,

        and

WORLD FINANCIAL NETWORK NATIONAL BANK,

        and

NELSON, WATSON & ASSOCIATES, LLC,

        Defendants.

**WORLD FINANCIAL NETWORK NATIONAL BANK'S
MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's First Amended Complaint asserts in boilerplate and conclusory language a violation of 15 U.S.C. 1681b(f) of the Fair Credit Reporting Act ("FCRA") by WFNNB in using or obtaining Plaintiff Sharon Lynn Ross's consumer credit report without a permissible purpose. However, as recently recognized by this Court in this exact context, the Complaint fails to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in order to state a claim against WFNNB upon which relief can be granted.  As such, Count Two, the only count pending against WFNNB, should be dismissed with prejudice.

**Background**

Plaintiff filed this case alleging various violations of the FCRA against multiple defendants.  In her First Amended Complaint, Plaintiff includes only sparse allegations relating

to WFNNB that ultimately amount to no more than mere conclusions.  In fact, the only allegations directed at WFNNB are as follows:

- ¶ 16:  Plaintiff noticed that defendant Experian had provided her consumer report to WFNNB;

- ¶ 17: WFNNB "did not have a lawful purpose to obtain or use" her report;

- ¶ 18: Plaintiff never authorized WFNNB to receive her report;

* * *

- ¶ 26: WFNNB violated the FCRA "by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so;"

- ¶ 27: As a result of WFNNB's actions, Plaintiff "suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress;"

- ¶ 28:  WFNNB's actions were "willful" or, "[i]n the alternative, they were negligent;" and

- ¶ 29: Plaintiff is entitled to recover damages from WFNNB.

## Argument

These allegations fail to state a claim under the standards set forth in the *Twombly* and *Iqbal* line of cases because these allegations do not contain enough factual allegations to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, Plaintiff's allegations against WFNNB are a mere "formulaic recitation of a cause of the elements of a cause of action." *Id*.  And the dearth of factual allegations directed at WFNNB fail to raise "a right to relief above a speculative level." *Id*.  Plaintiff has failed to

plead sufficient factual content to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  For example, Plaintiff's Complaint is wholly devoid of any factual allegations about what information was received by WFNNB, when WFNNB received that information, how WFNNB's receipt of that information resulted in actual damage to Plaintiff, or how WFNNB acted willfully.

This Court has already considered whether allegations strikingly similar to Plaintiff's are sufficient under the *Twombly* and *Iqbal* standards—and determined that they are not.  In *Edwards v. Equifax Information Services LLC*, a recent unpublished decision from the Eastern District of Virginia, Judge Hudson sustained a motion to dismiss allegations nearly identical to Plaintiff's.  *Edwards,* No. 3:09CV622, 2009 U.S. Dist. LEXIS 120163 (E.D. Va. Dec. 24, 2009).  In *Edwards*, the plaintiff alleged that defendant Equity One violated the FCRA by using or obtaining plaintiff's consumer report without a permissible purpose.  *Id*. at *5.  The plaintiff also alleged that he suffered actual damages.  *Id*.  Judge Hudson found these allegations to be "merely legal conclusions and a recitation of the elements under 15 U.S.C. § 1681b(f)."  *Id*.  Calling the allegations "hollow," the Court noted the language "fails to offer any factual basis, much less a plausible one, to support liability on Equity One's part."  *Id*. at *5-6.  Accordingly, the Court sustained the motion to dismiss the count against Equity One.  *Id*. at *6.  The same should be done here.

Here, Plaintiff's sparse allegations are that WFNNB obtained and used her report without a permissible purpose and that she was somehow damaged as a result.  Just like the allegations at issue in *Edwards*, Plaintiff's allegations against WFNNB are "hollow" and fail to offer a plausible basis to support her contention that WFNNB acted in a way that violates the FCRA or caused any damage whatsoever to Plaintiff.   Additionally, Plaintiff's failure to identify specific

facts in support of her claim for damages is fatal to her allegations that WFNNB somehow acted negligently. *See Chavez v. Premier Bankcard, LLC*, No. 1:11-cv-01101, 2011 U.S. Dist. LEXIS 129251 at *11 (E.D. Ca. Nov. 8, 2011) (dismissing a FCRA complaint because "Plaintiffs who fail to allege or prove actual damages have no standing to sue under 15 U.S.C. §1681o."). Because these allegations fail to state a claim against WFNNB for which relief may be granted, WFNNB should be dismissed.

## Conclusion

For the foregoing reasons, WFNNB respectfully requests that the Court grant WFNNB's Motion to Dismiss and dismiss WFNNB from this lawsuit with prejudice.

Respectfully submitted,

_____/s/ Eileen Geller_____
John B. Mumford, Jr. (VSB No. 38764)
Eileen R. Geller (VSB No. 76764)
HANCOCK, DANIEL, JOHNSON & NAGLE, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia  23060
Phone:  (804) 967-9604
Fax:  (804) 967-2411
jmumford@hdjn.com and egeller@hdjn.com
*Counsel for World Financial Network National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett (Va. Bar No. 37523)
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
757-930-3662 (fax)
lenbennett@cox.net
*Counsel for Plaintiff*

David Neal Anthony  (Va. Bar No. 31696)
TROUTMAN SANDERS LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
804-697-5410
804-698-5118 (fax)
david.anthony@troutmansanders.com
*Counsel for Defendant Experian Information Solutions, Inc.*

                /s/ Eileen Geller
John B. Mumford, Jr. (VSB No. 38764)
Eileen R. Geller (VSB No. 76764)
HANCOCK, DANIEL, JOHNSON & NAGLE, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia  23060
Phone:  (804) 967-9604
Fax:  (804) 967-2411
jmumford@hdjn.com
egeller@hdjn.com
*Counsel for World Financial Network National Bank*

5